F. A. DREW GLASS COMPANY, Respondent, v. JOHN O'MALLEY *et al.*, Appellants.

St. Louis Court of Appeals, December 8, 1896.

Bill of Exchange: CONDITIONAL ACCEPTANCE OF DRAFT: CONSTRUCTION OF. In a suit to recover the amount of a draft drawn in favor of plaintiff by one S., and directed to defendants, and accepted by them, conditioned that, "We accept the within order when S. has his contract completed, for the within amount, or any portion thereof, due S.,"—Held: That the reasonable interpretation of the acceptance was, that defendants agreed to pay to plaintiff the amount of the order, or such part thereof, as might then, or thereafter, become due to S. on account of work done under the contract, provided S. fully completed the work according to contract.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*T. J. Rowe* for appellants.

*Frost & Foy* for respondent.

That interpretation should be given to the bill of exchange and acceptance which the usual meaning of the words employed signifies, and which coincides with the intent of all the parties thereto, as evidenced by the agreed statement of facts. 1 Danl. Neg. Inst., ch. 18, secs. 479, 497.

The acceptance of the bill by appellants was a present acceptance conditioned on the execution of a contract between appellants and the drawer of the bill, and operated as an assignment of the drawer's interest to respondent. *Taylor v. Newman*, 77 Mo. 257; *United States v. Bank of Metropolis*, 15 Pet. 376; *Ray v. Faulkner*, 73 Ill. 469.

BIGGS, J.—The plaintiff sues to recover the amount of an acceptance drawn in its favor by one Sullivan and directed to the defendants as members of the firm of O'Malley Brothers. It was alleged that the defendants accepted the draft conditionally; that the conditions had been complied with, and that the defendants had refused to pay. The draft and written acceptance are as follows:

"ST. LOUIS, November 26th, 1892.

"*Messrs. O'Malley Bros., City.*

"GENTLEMEN:—Please pay to the F. A. Drew Glass Co. the sum of four hundred and twenty-five dollars ($425) for glass and putty furnished to Barracks Building, and charge same to my contract.

"JAMES M. SULLIVAN,

"1221 North Jefferson Ave.

"This is to certify that we accept the within order, when Mr. Sullivan has his contract completed, for the within amount, or any portion thereof due Mr. Sullivan.

"Nov. 26th, 1892.    O'MALLEY BROS."

The answer is a general denial. The cause was submitted to the court without a jury on the following agreed statement of facts:

"It is hereby stipulated and agreed between the parties hereto, by their respective attorneys duly authorized, that the facts in the above entitled cause are as follows, to wit:

1. Plaintiff is a corporation duly incorporated and organized under and by virtue of the laws of the state of Missouri.

2. That defendants now are copartners in trade, and were copartners at all the times mentioned herein, doing business as such, under the firm name and style of O'Malley Brothers.

3.  That on or about the first day of May, 1892, the defendants O'Malley Brothers, made and entered into a contract with the United States to erect two buildings at Jefferson Barracks, St. Louis county, Missouri, and that Sullivan & Barry, a firm composed of James M. Sullivan and Thomas F. Barry, made and entered into a contract with O'Malley Brothers to do all the painting and glazing on said buildings for the price of $2,000. That under said contract said Sullivan & Barry commenced to work on said buildings about August 1, 1892, and finished said work about July 1, 1893. That defendants paid said Sullivan & Barry on account of said work and material from time to time, the first payment having been made on August 27, 1892, and the last payment on June, 24, 1893, the total sum of $2,683. That after the twenty-sixth day of November, 1892, and before the twenty-fourth day of June, 1893, the sum of $1,200 was paid to said Sullivan & Barry.''

"That all said payments were made on the orders of said Sullivan & Barry for work done on and materials furnished for said buildings under said contract of Sullivan & Barry with defendants.

4.  That said James M. Sullivan purchased from the plaintiff glass to the amount of $425, which said glass was used by said Sullivan & Barry in performing their said contract with defendants, and that defendants were notified that plaintiff would not sell said glass to said Sullivan & Barry unless defendants would first accept his bill of exchange drawn on behalf of the firm of Sullivan & Barry.

5.  That James M. Sullivan executed and delivered to plaintiff in behalf of the firm of Sullivan & Barry and in payment for the glass furnished by it to Sullivan & Barry the bill of exchange marked exhibit "A,"

and filed with plaintiff's petition, and that defendants in their said firm name of O'Malley Brothers accepted the same in writing in the terms indorsed on the back thereof. That the contract referred to in said acceptance of defendants of said draft is the said contract that said Sullivan & Barry had with O'Malley Brothers to do the painting and glazing on said government buildings at Jefferson Barracks.

6. That plaintiff demanded payment of said bill of exchange from defendants after the first of July, 1893, and that payment was refused.

7. It is agreed that on the facts here stated the court find for the proper party and that the pleadings may be amended to accord with the facts."

The judgment was for the plaintiff and the defendant has appealed.

In opposition to the judgment it is insisted by counsel that the written acceptance will admit of but one interpretation, and that is that the defendants agreed that when Sullivan completed his contract they would pay the amount mentioned in the order, or any portion thereof that might *then* be due Sullivan on account of work done under his contract. This construction would practically thwart the conceded object which the parties had in view, and should not be adopted if any other is possible. Sullivan had bargained for the glass, but plaintiff refused to deliver the goods unless the defendants would in some way become responsible for the price. To accomplish this the order was drawn and the acceptance given. The plaintiff put up with a conditional or qualified acceptance, and if the conditions were such as the defendants contend for, then the plaintiffs' security was of but little value. While the conditions of the acceptance are obscurely expressed, we think that the writing will admit of a more reasonable interpretation than that

contended for, and that is, that the defendants agreed to pay to plaintiff the amount of the order, or such part thereof as might then or thereafter become due to Sullivan on account of work done under the contract, provided Sullivan fully completed the work according to contract. Such a construction of the agreement would afford to plaintiff reasonable security for its debt, and at the same time protect the defendants in case Sullivan should default in the work, and as it is consistent with the language of the acceptance, we think that it ought to be adopted. Under this view the defendants became the debtors of the plaintiff to the extent of the money subsequently earned by Sullivan under his contract, the obligation however being conditioned that Sullivan should fully complete the work. As it is conceded that he did finish the work and that a sum much larger than the amount of the debt was earned by him subsequent to the acceptance, the plaintiff was entitled to a judgment for the full amount.

The judgment will be affirmed. All the judges concur.